**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

————————————

No. 96-31060
Summary Calendar

————————————

JENNIFER MISTRETTA and TROY MISTRETTA,

Plaintiffs-Appellees,

VERSUS

STATE OF LOUISIANA,
through the Department of Public Safety and Corrections,
Office of State Police,
and
TIMOTHY BRUNET,

Defendants-Appellants.

————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
(95-CV-754)

————————————————

March 26, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


The State of Louisiana and its employee, Timothy Brunet
(jointly referred to as "Louisiana"), appeal the denial of their
FED. R. CIV. P. 12(b)(6) motion to dismiss, claiming that the state

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is entitled to Eleventh Amendment immunity from the Mistrettas'
title VII suit.   Denials of Eleventh Amendment immunity are
appealable under the collateral order doctrine.   *Puerto Rico
Aqueduct & Sewer Auth. v. Metcalf & Eddy*, *Inc.*, 506 U.S. 139, 144-
45 (1993).

Louisiana asserts that title VII of the Civil Rights Act of
1964, *as amended*, 42 U.S.C. § 2000e *et seq.*, does not contain the
"unmistakable language" that the Supreme Court has held is required
to abrogate Eleventh Amendment immunity.   *See Atascadero State
Hosp. v. Scanlon*, 473 U.S. 234, 243 (1985).   Title VII authorizes
suits against a "respondent," which is defined to include an
"employer."   42 U.S.C. § 2000e(n).   "Employer" is in turn defined
to include a "person engaged in an industry affecting commerce,"
*id.* § 2000e(b), and "person" encompasses both "governments" and
"governmental agencies," *id.* § 2000e(a).   Louisiana argues that
although under normal rules of statutory construction this would
constitute sufficiently "unmistakable language," it fails to meet
the heightened standard imposed by *Atascadero*.

We need not consider whether, were we to address this issue as
one of first impression, we would decide that the mere authoriza-
tion of suits against "governments" is the sort of unequivocal
statutory language that *Atascadero* requires.   Prior decisions of
both the Supreme Court and this court foreclose Louisiana's
argument.

2

In *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), the Court held that Congress had abrogated the states' Eleventh Amendment immunity by enacting title VII. *Id.* at 457. Although the focus of the decision was congressional power to abrogate under § 5 of the Fourteenth Amendment, the Court also stated that "the threshold fact of congressional authorization to sue the State as employer is clearly present." *Id.* at 452 (internal quotations and citations omitted). This aspect of the decision was confirmed in *Quern v. Jordan*, 440 U.S. 332 (1979), where the Court explained that the *Fitzpatrick* majority had "found present" "the 'threshold fact of congressional authorization' to sue the State as employer, because the statute made explicit reference to the availability of a private action against state and local governments in the event the Equal Employment Opportunity Commission or the Attorney General failed to bring suit or effect a conciliation agreement." *Id.* at 344 (quoting *Fitzpatrick*, 427 U.S. at 452).

Louisiana protests that because *Atascadero* is the seminal case on precisely what Congress must do to abrogate state immunity, it "at the very least modified *Fitzpatrick*, if not implicitly overruled it." We disagree, for nowhere in *Atascadero* did the Court even so much as call *Fitzpatrick* into doubt or question its affirmation of that decision in *Quern*. In any case, we are also bound by *Pegues v. Mississippi State Employment Serv.*, 899 F.2d 1449, 1453 (5th Cir. 1990), in which we stated that the Civil

3

Rights Act of 1964 "clearly abrogates the states' Eleventh Amendment immunity by providing that courts may award retroactive monetary relief against state defendants which violate Title VII." *Id.* at 1453. However appealing Louisiana's argument may be, after *Fitzpatrick* and *Quern* it is addressed to the wrong court.

Accordingly, the denial of the motion to dismiss is AFFIRMED.